**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Blake A. Jones, *et al.*,

Plaintiffs, Case No. 26-11917

v. Judith E. Levy
United States District Judge

County of Oakland, *et al.*,
Mag. Judge Kimberly G. Altman
Defendants.

________________________________/

**OPINION AND ORDER**
**DISMISSING THE COMPLAINT [11]**

Plaintiff Blake A. Jones filed a *pro se* complaint under 42 U.S.C. § 1983 when he was incarcerated at the Oakland County Jail in Pontiac, Michigan. (ECF No. 1, PageID.6.) He also filed an amended complaint. (ECF No. 11.) He has since been released from custody and is residing in Alpharetta, Georgia. (ECF No. 16.) Plaintiff paid the filing fee in full. (ECF No. 20.) In his amended complaint, Plaintiff sues five Defendants: Oakland County, the Oakland County Sheriff's Office, the Bloomfield Township Police Department, the Oakland County Jail, and the Greenville County Jail. (ECF No. 11, PageID.43.) For the reasons set

forth below, the Court dismisses the complaint. *See* 28 U.S.C. § 1915A. Plaintiff's claims against the Oakland County Sheriff's Office, the Bloomfield Township Police Department, the Oakland County Jail, and the Greenville County Jail are dismissed with prejudice. Plaintiff's claims against Oakland County are dismissed without prejudice. Plaintiff may file an amended complaint within thirty days of the date of this opinion and order.

## I. Background

Plaintiff alleges that in September 2024 a "warrant from 2022-279935-FH was reissued as [a criminal] case: 2024-290875-FH, causing" Plaintiff to experience "financial harm, property loss, rental vehicle fees, impound fees." (ECF No. 11, PageID.44.) He alleges that "[o]n or about September 2nd, 2024, [he] was approached by the Greenville county Sheriffs in South Carolina, due to suspicion." (*Id.*) He was "held as a fugitive from justice at the Greenville County Jail, housed in unsanitary 'shu,' deprived of drinking water, cleaning supplies, personal contacts from iPhone, including clients [and] attorneys." (*Id.*) Plaintiff alleges that while he was "being held on false arrest warrant 2024-290875-FH, Greenville County Sheriffs obtained statement to issue warrant

2024A2330208600 at the 13th Judicial Circuit Court, out of South Carolina." (*Id.*) South Carolina then granted him a personal bond. (*Id.*) Plaintiff was extradited to Michigan, posted bail, and was ordered not to leave the state, which "coerced [him] to start a Michigan lease agreement." (*Id.*) On November 21, 2024, Oakland County Circuit Court Judge Nanci J. Grant dismissed the case (Case No. 2024-290875-FH) after "[a]ll evidence was suppressed under the fruit of poisonous tree doctrine which was triggered by civil rights deprivation." (*Id.* at PageID.43.) Plaintiff states that as a result of his arrest and criminal charge, he suffered lost wages; incurred property damage, rental vehicle fees, and impound fees; and was forced to move out of his apartment due to non-payment of rent. (*Id.* at PageID.43–44.)

Plaintiff also alleges that on May 10, 2025, Officer Justin Haywood of the Bloomfield Township Police Department "effectuated an invalid mistake of law traffic stop." (*Id.* at PageID.44.) Plaintiff was charged with a new criminal offense in Oakland County Circuit Court in Case No. 2025-295239-FH. (*Id.* at PageID.44–45.) That case was assigned to a judge referred to in the complaint as "Judge Rowe." (*Id.*) Plaintiff alleges that Officer Haywood "indicate[d] during the evidentiary hearing in front

of Judge Rowe" that he "effectuated an invalid mistake of law traffic stop." (*Id.*) Plaintiff alleges that Judge Rowe "misrepresented the officer[']s statements and made a false judgment by stating that [Plaintiff] confessed on the record in court." (*Id.* at PageID.45.) On July 14, 2026, Plaintiff pleaded no contest to fourth degree fleeing and eluding and was sentenced to 365 days in the county jail with credit for 404 days time served.[1]

Plaintiff further alleges that on or about June 20, 2025, while he was detained at the Oakland County Jail, an unnamed deputy invaded his privacy by making an outgoing telephone call from Plaintiff's "'American Taliban' iPhone, which disclosed to the public that [P]laintiff was apparently sharing 'Secret' information with the Sheriff." (*Id.*) Plaintiff had not granted anyone permission to make calls from his phone, and when he "requested contact information from the device; the

[1] https://perma.cc/4DTC-Y5AQ. The Court takes judicial notice of this public record. *See Blackwell v. Nocerini*, 123 F. 4th 479, 487–88 (6th Cir. 2024) ("[C]ourts may take judicial notice of facts in a public record that 'are not subject to reasonable dispute'—such as the court's ultimate resolution of a prior case." (first quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005); then citing *Merswin v. Williams Cos.*, 364 F. App'x 438, 441 (10th Cir. 2010); and then citing Fed. R. Evid. 201(b))); *Yoder v. Bowen*, 146 F. 4th 516, 526 n.1 (6th Cir. 2025) (citations omitted).

dep[uty] claimed he couldn[']t find the requested information but he made a mistake and made a[n] outgoing call." (*Id.*)

As noted above, Plaintiff sues Oakland County, the Oakland County Sheriff's Office, the Bloomfield Township Police Department, the Oakland County Jail, and the Greenville County Jail. (*Id.* at PageID.43.) Plaintiff asserts that Oakland County "is legally responsible for overall operation of each listed defendant. Each defendant is sued individually and in their official capacity, at all times mentioned in this complaint, each defendant acted under color of state law." (*Id.*) Plaintiff alleges that the Oakland County Sheriff's Office and the Bloomfield Township Police Department violated his Fourth and Fourteenth Amendment rights. (*Id.* at PageID.45–46.) He alleges that the Oakland County Jail invaded his privacy by making a call from his "business device without permission" while Plaintiff was "housed . . . on a false arrest." (*Id.* at PageID.46–47.)

Plaintiff seeks declaratory, injunctive, and monetary relief as well as the exoneration of his eviction. (*Id.* at PageID.43, 47.)

## II. Legal Standard

Under the Prison Litigation Reform Act of 1996, federal district courts must screen a prisoner's complaint that "seeks redress from a

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A court must "dismiss [the complaint], or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages." *Robinson v. DeAngelo*, No. 2:23-cv-10255, 2023 WL 2719430, at *1 (E.D. Mich. Mar. 30, 2023) (citing 28 U.S.C. § 1915A). "District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *Id.* (quoting *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)); *see Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

A *pro se* complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand

for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). This rule is intended to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal citation omitted). "[D]etailed factual allegations" are not required under Rule 8's pleading standard, but the standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To state a civil rights claim under § 1983, a plaintiff must allege that (1) they were deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001) (citation omitted).

## III. Analysis

The Court is required to screen Plaintiff's complaint under § 1915A because Plaintiff qualifies as a prisoner[2] who has made a complaint in a civil action that "seeks redress from a governmental entity." 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court dismisses the complaint. *Id.* § 1915A(b).

### A. Plaintiff's claims against the Oakland County Sheriff's Office, the Bloomfield Township Police Department, the Oakland County Jail, and the Greenville County Jail are dismissed.

Plaintiff's claims against the Oakland County Sheriff's Office, the Bloomfield Township Police Department, the Oakland County Jail, and the Greenville County Jail fail as a matter of law. Section 1983 imposes liability on any "person" who violates an individual's federal

[2] Courts determine whether a plaintiff is a prisoner under the Prison Litigation Reform Act by looking at "the plaintiff's status *at the time he files the complaint.*" *Pitchford v. Metro Nash. Police Dep't*, No. 3:19-cv-00256, 2021 WL 2474461, at *1 (M.D. Tenn. June 17, 2021) (emphasis in original) (first citing *Siler v. Baldwin*, No. 08-15077, 2011 WL 6371012, at *3 (E.D. Mich. Dec. 20, 2011) ("A plaintiff's status as a prisoner for purposes of the statute [the PLRA] is determined at the time he files suit" (alteration in original)); and then citing *McCullough v. Barnes*, No. 3-05-0819, 2005 WL 2704878, at *1, 5 (M.D. Tenn. Oct. 17, 2005) (finding that, because plaintiff was incarcerated at the time he brought the action, the action was subject to the PLRA, even though plaintiff was no longer in custody)); *Beeler v. Tennessee*, No. 3:24-cv-00643, 2025 WL 1680015, at *1 n.1 (M.D. Tenn. June 13, 2025) (same).

constitutional or statutory rights. 42 U.S.C. § 1983. "Under Michigan law, municipal police or sheriff's departments are agencies of the municipality—they are not separate legal entities that are capable of being sued under section 1983." *Ragless v. Morenci Police Dep't*, No. 26-cv-12389, 2026 WL 2218146, at *1 (E.D. Mich. July 31, 2026) (first citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); then citing *Glynn v. Marquette City Police Dep't*, No. 24-1486, 2025 WL 1591708, at *2 (6th Cir. Mar. 24, 2025); and then citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that "the Sheriff's Department is not a legal entity subject to suit")). And "[i]t is well-settled that county jails . . . and other governmental agencies are not legal entities subject to suit under § 1983." *Sychantha v. Livingston Cnty. Jail*, No. 24-cv-13043, 2025 WL 495549, at *2 (E.D. Mich. Feb. 13, 2025) (first citing *Cage v. Kent Cnty. Corr. Facility (Jail)*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997); then citing *Von Ehl v. Saginaw Cnty. Jail*, No. 18-cv-11453, 2018 WL 2984662, at *2 (E.D. Mich. June 14, 2018); then citing *Edward v. Maycomb Cnty. Jail*, No. 2:16-cv-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016); then citing *Brooks v. Huron Valley Men's Prison*, No. 2:06-cv-12687, 2006 WL 2423106, at *1 (E.D. Mich. Aug. 21,

2006); and then citing *Boykin*, 479 F.3d at 450) (dismissing with prejudice the plaintiff's claims against the Livingston County Jail in a *pro se* prisoner civil rights action brought under § 1983). Therefore, Plaintiff's claims against the Oakland County Sheriff's Office, the Bloomfield Township Police Department, the Oakland County Jail, and the Greenville County Jail must be dismissed under § 1915A(b)(1).

**B. Plaintiff's claims against Oakland County are dismissed.**

Plaintiff's claims against Oakland County—the only remaining Defendant—must be dismissed as well. A county or municipality can be held liable for the deprivation of a plaintiff's constitutional rights by its employees acting under color of state law, but "only where the deprivation results from an official custom or policy of the municipality." *Mitchell v. Washtenaw Cnty. Sheriff's Dep't*, No. 25-cv-10653, 2026 WL 798929, at *3 (E.D. Mich. Mar. 23, 2026) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92, 694 (1978)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). A single incident of unconstitutional activity does not

establish an official policy or practice of a county or municipality sufficient to render the county or municipality liable for damages under § 1983. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 821 (1985). Instead,

> [t]o properly allege a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations."

*D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). A plaintiff must also establish that the policy or custom was the "'moving force' of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the conduct of the municipality rather than simply by the conduct of the municipal employee." *Id.* at 387–88 (citing *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiff has not alleged a single fact to suggest that any of the alleged conduct at issue here is the result of a policy or custom of Oakland County. *See Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017) (affirming dismissal of a *Monell* claim where plaintiff's complaint alleged "not a single fact that suggests, plausibly or otherwise, that [a deputy's]

alleged misconduct was the result of a custom, policy, or practice of [the] County”). Plaintiff’s allegations that various officials harmed him are not enough. *See Monell*, 436 U.S. at 691–93 (holding that § 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (similar). To state a claim under § 1983, Plaintiff must show that Oakland County, “under color of some official policy, ‘cause[d]’ an employee to violate [Plaintiff’s] constitutional rights.” *Monell*, 436 U.S. at 692. He has made no such showing. Plaintiff thus fails to state a § 1983 claim against Oakland County. Accordingly, Plaintiff’s claims against Oakland County must be dismissed under § 1915A(b)(1).

Even if Plaintiff’s claims could be construed as being against Bloomfield Township or Greenville County—the entities that operate the county jails named in the complaint—Plaintiff’s claims would still fail. As discussed above, under *Monell*, a plaintiff must allege that a municipality maintained some sort of policy or custom that was the “moving force” of the plaintiff’s constitutional deprivation. *See D’Ambrosio*, 747 F.3d at 387–88 (citation omitted). Plaintiff does not allege facts that show that Bloomfield Township or Greenville County

maintained a policy or practice that was the "moving force" behind a constitutional deprivation that Plaintiff allegedly experienced. Therefore, Plaintiff does not state a § 1983 claim against Bloomfield Township or Greenville County.

## IV. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's complaint. *See* 28 U.S.C. § 1915A. Plaintiff's claims against the Oakland County Sheriff's Office, the Bloomfield Township Police Department, the Oakland County Jail, and the Greenville County Jail are dismissed with prejudice. Plaintiff's claims against Oakland County are dismissed without prejudice. Plaintiff may file an amended complaint within thirty days of the date of this opinion and order.[3]

IT IS SO ORDERED.

Dated: October 19, 2026 s/Judith E. Levy

[3] If Plaintiff elects to file an amended complaint that challenges the fact of a conviction, the Court suggests that Plaintiff be mindful of *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff elects to file an amended complaint in which he sues individual defendants, the Court notes that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under § 1983. *See Monell*, 436 U.S. at 691-94 (holding that § 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *see also Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (upholding grant of summary judgment to one defendant because the plaintiff had "not pointed to any evidence that [the specific defendant] personally deprived her of any statutory or constitutional rights").

Ann Arbor, Michigan

JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager